The last case called, actually, for our argument is People v. Wiley. Council, you may proceed. We can replay it tomorrow when I come back again. Sure. Anytime. I just come over every day. May it please the Court, Council. Now, there are several issues in this case, but I want to focus on the first one, which is about Supreme Court Rule 431. That's on appeal to the Supreme Court, that issue is? Yes. Okay. So I just want you to know that. We're all going to follow whatever they decide, right? It seems fair to me. Are you referring to the newest decisions that were? The first district cases are on appeal. That have been from there now and have been accepted to the PLA. Right. And that's the exact same case that I'm going to talk about. So, that complicates matters a little bit because I really want to talk about that, but I don't have to. I guess we'll just wait and see what they say. I would like to point out, though, when it comes down to facts, that in this case, the Court made no effort. This isn't a case where they tried to, and they just messed up and didn't ask one question, or they didn't ask this particular panel. They just dropped the ball. They asked one panel specifically one of the four questions, and that was really the end of it. I mean, they didn't even get close in this case. So, I don't know. I think that's a good point. Are you saying that the three or four requirements of 431, only one was asked? Yes. Of the jury? Did the trial judge advise the other three principles? I will tell you what he said. He mentioned, let's see. I want to make sure. I have about 12 of these cases, so I want to make sure that I tell you the exact right thing that happened in this exact case. Let's see. Apparently, I'm not going to do it by referring to this part of the argument. I don't believe he mentioned it. I do believe he said, you'll be advised during jury instructions about this. He made some comment as to that. But I don't believe he ever even stated all four of them up front to the board here. I don't think he did that at all. Well, the way I understand some of the cases from the first district, the judge questioned potential jurors on certain 431 issues, but just generally made a statement of the defendant's right not to testify or something on other issues without questioning the panel. How are we in this case? He didn't even get that close. He did not question any juror about all four. He questioned most jurors about none of them. So he just wasn't close. Honestly, I don't think he got the memo, I think. That's what happened. Because there was absolutely no effort made to comply with the rule at all in this case. And when it comes down to harmless error, I do want to just throw this little part out there, even while we're waiting on the Supreme Court. That's been a big topic about plain error versus harmless error. I'd like to know how a defendant is supposed to show you post-trial that he was harmed by this. I mean, it's not like jurors come out of the deliberation room and say, all right, let me tell you what I would have said if somebody had asked me, and it wasn't the thing you wanted to hear. And the prejudice to the defendant is right up front when he doesn't have enough information to determine whether that juror needs to be on his panel. So I don't understand this harmless error, plain error stuff, how we're supposed to practically apply that when the error is done up front. When the evidence is close, then it's easier for plain error. Well, certainly that would be the case. But it seems to me that the damage is done up front when he doesn't get to choose. He doesn't have enough information to make the proper choices about who should even sit on the jury, regardless of what the error is going to be or how closely the evidence is balanced. Well, who sits on the jury has nothing to do with the evidence presented. Of course. But the fact that he was denied his right to choose who sits on the jury right up front before there ever is an evidence, that is where the damage is. That's where the prejudice is. It seems to me it doesn't matter what the evidence is. The damage is done at that point. And how in the world is that supposed to show that had you let him choose properly, short of interviewing every single juror as they come out of the jury room and ask them then what they would have said had they been asked the questions properly and had a do-over if one of them got the answer wrong? I mean, it's just not practical to run it that way. It doesn't make sense to me. Okay, so I'm going to talk about that. Let's talk about Argument 2, which is the videotape of Yolanda Gladney identifying the defendant in a lineup. This was a couple walking down the road, either two or three men, depending upon who you ask, come out of the dark, hold a gun to either or both of them. Next thing you know, the one man is dead, and Yolanda Gladney is the girlfriend. She identifies the defendant in a lineup. She testifies to that. An officer testified that she did that. Then the state shows a videotape of her doing that. Then during closing argument, again, we show the videotape of her identifying the defendant. The only issue in this case was what it comes down to is, is her identification good? Did she see this man? Is this the man? We don't have any other physical evidence tying anything. We don't have a weapon to have any fingerprints on. We don't have anything else. We just have her identity, her identification of him, plus two co-defendants that essentially got bought off to say whatever anybody was telling them to say. So she's the only one who really matters in this case. And instead of just saying, I identified that man as the shooter, she got to say she said it, the cop got to say she said it, and we got to see the video two times. That is entirely too much overemphasis of one piece of information. And I certainly understand why they did it. It's the best piece of information they had. But that doesn't mean you get to just run the movie around and around and around during the entire trial until it sinks into the head of the jurors. That's overemphasizing. And because the evidence was closely balanced in this case, because it did come down to her identification versus his claim that he didn't do it, then how can that possibly be a harmless error? He would ask that you reverse his conviction and send him back for a new trial where they don't do that repeatedly over and over and over again. That's all. Thank you. Counsel? May I please report, counsel? My name is Sharon Shanahan, and I represent the people of the state of Illinois. As Justice Stormer, as you have noted, the Supreme Court has taken People v. Thompson, a First District Rule 23 order, which deals with trial court's failure to strictly comply with Rule 431B and so that issue is going to be resolved by our Supreme Court. Could you address both the counsel's statement or answer my question? What will the record show this particular judge did as far as mentioning or questioning regarding the principles of 431? I can do that. The trial court did not question the jurors. However, in the presence of all prospective jurors, the trial court explained the duties of all the jurors, of any juror, and the process of the trial. He told the jurors that the defendant is presumed innocent and that the presumption stays with the defendant until they, as jurors, are convinced beyond reasonable doubt that the defendant is guilty. The trial court explained that the burden of proving guilt never shifts to the defendant to prove his innocence, but stays with the state. The defense counsel also did ask questions of some of the jurors whether they had any problem with the fact that the law says the defendant is innocent until proven guilty. The court didn't mention anything about the defendant does not testify? It did not. Before they were selected, the whole panel was presented with the first three principles, but did not mention the last one. Were they asked by the trial court on Boyd here that will you follow the law as given to you? Yes. And so therefore you tie that question on to the three principles that you stated. They were also, well, if I could add one more fact that I think is important, two more facts. The defense counsel did not request that any of those questions be given. He doesn't have to, though, according to the new rule. No, but he didn't. And I want to tie that in with a case that I'm going to discuss in just a minute. Before the jury deliberated at the conclusion of evidence, the jurors were once again told that the defendant is presumed innocent, that he's not required to offer evidence, and that he must be proven guilty beyond a reasonable doubt. Then at the defendant's request, they were also instructed that the defendant's failure to testify must not be considered against him. So by the time they went into deliberating, they definitely had been told all the principles. And the record will show that the court also asked the jurors whether or not they would follow the law as it's given to you? That is my recollection of the record, yes, Your Honor. Well, that's kind of a catch-all. If you don't want to ask the specific questions for 431, in one of the cases, I don't remember which one right now, that was one of the issues raised. And they said, well, you know, close enough, because the trial judge did ask if you'd follow the law as I'm going to give to you. And when they said yes, that encompassed all the law, including 431. I feel like I've been inundating the court with motions to cite judicial authority, Your Honor. But I only want to mention one because I think it is particularly one point for this particular case, People v. Ammerman. I don't think when I filed the motion that I had a Westlaw citation. I do have it now, but there's not a lot of people named Ammerman out there. I would be glad to provide it. But in Ammerman, the trial court only apprised the jury of the first three Rule 431B principles, just like this case. And they were only asked whether they understood and accepted the first two. Ammerman does apply a Glasper analysis. And I think we all agree here that Glasper holds the key to this question. And I think the Supreme Court has reflected that in the fact that it took a lot of these cases, Alexander noted them in my motion and in a footnote in my brief, that the Supreme Court took them and said, we want you to reconsider and light up Glasper. So there is no doubt that Glasper holds the key to this issue. But Ammerman did analyze them. My only question, are the facts in this case sufficient enough to fall within whatever ruling the Supreme Court is going to make on the cases from Chicago? Ammerman says it is. Ammerman says, applying Glasper, Ammerman says that failure to follow Rule 431B, standing alone, is not per se plain error. And since the jurors were instructed about all four Rule 431B principles prior to their deliberations, albeit not in the proper manner, and since the defense counsel did not object, Ammerman court has determined that there was no plain error. What does that Westlaw say? I'm back. Is that a 3rd District case? 209 Westlaw, 489, 3299. Thank you. Is that one that Judge Carter wrote that night? And there was a dissent in there? I've got it back in the other office. Justice McDavid. There's one thing I want to add before passing off of this issue. As you've acknowledged, we're really going to just have to wait and see what the Supreme Court says about this. In People v. Vargas, which was another case that I got permission to cite as supplemental authority, there was a quote there that I think merits repetition. The Vargas court says that the defense counsel, as the keeper and guardian of the theory of defense, should have recognized the problem if one indeed existed. If ascertaining with certainty the understanding and agreement of each member of the law and federal, was vital to the defendant's case, there was a time and a place for exploring those matters. To claim this is error at this late hour is, in our view, tantamount to unmeaning the proverbial bell. There was plenty of time to correct this. I would close on this issue by saying, in Glasper, the court said that this was, as soon as the defense counsel asked for the question, it was no longer discretionary. The court had to give it. The new rule, the court, it's no longer discretionary. It has to be given. So, according to the analysis that I set forth in this court, which was reflected in Peeble v. Russell, the similarity in these compulsory obligations are the same that the Glasper analysis foretold. If you have more questions on that issue, otherwise I'll move on to the videotapes. I would note first that this error is plain error. It was the admission of the videotapes was objected to. Playing the videotapes at closing argument was not objected to and neither was objected to in the post-trial motion. So, it can be reviewed only for plain error. And there are a lot of reasons that this is not plain error. First, I would note that this videotape falls under a statutory exception, Section 115.12, which is designed to permit the use of prior consistent out-of-court statements as corroborative or substantive evidence of a witness's prior identity of a defendant. Our Supreme Court said that in Peeble v. Lewis. A corroborative evidence of a witness's prior identity of a defendant is a prior consistent statement. That's what it's saying, you can use a prior consistent statement. And I would note that Ms. Gladney was there and was available for cross-examination. Secondly, if a witness testifies that she previously identified the offender and her veracity has been tested on cross-examination, a third person can testify that the witness previously identified the offender. So, essentially, you've got a third person's prerogative testimony, which is a prior consistent statement. That's exactly what this video was, corroborative of her earlier testimony. Are there any other questions? I believe I covered them in my brief. I don't believe we do. Thank you, Counsel. Counsel? I think that Counsel and I have a difference of memory on the questioning of the potential jurors. I found my sites in here. It's at FHR 109-110. It's the biggest portion of the voir dire that covers this. You didn't question any of the jurors as to all four of the questions that they were supposed to be asked. And you'll see that when you read it. It's the only way to hammer out what actually happened in this case. It's exactly what was said, and that's at pages 109-110. Also, I think it's important to note, and I don't know why nobody else talks about this, but the rule isn't that the potential jurors are supposed to be told what rules they should follow. The point is to find out if they're willing to do that. And if they're not asked, then the defendant doesn't know. So then how can he exercise proper discretion in which ones to put on his jury and which ones not to? So I don't understand this argument that, well, he's close enough because we told him. It's not about what they know. It's about what they're willing to do and what they're willing to tell the jury. It's about what he knows and what he's entitled to know. So who cares what they told the jurors? It needs to be what the jurors told him. And that's what he gets beat out of in cases like this when they don't follow the rule, when the judge is supposed to ask each and every one of them. And he doesn't. I don't know how we can claim that's close to good enough. It just isn't. It's no improvement over what the rule ever was. If they didn't want to change, they wouldn't have changed the rule, and they didn't. So to rule otherwise ignores that change. Also, I don't totally agree that Glasper answers everything either. I mean, they clearly said this is an old version of the rule. Who knows if this will apply in the next one? That's what we'll wait on the Supreme Court to say. There's no point in arguing about it now. Because it doesn't matter what the 3rd District says or what they think that Glasper might mean or what they might do. Who cares? You're not the 3rd District. You're the 5th District. You don't have to follow what they say. You can just logic it out for yourself or, as you've already suggested, it's the right thing to do. Just wait and let the Supreme Court decide it. On the second part, on the second issue about the video, I have so many arguments going on in this notebook. I have no idea what I'm talking about anymore. The only way to reach that error is not plain error. We argue that counsel was ineffective for not continuing to object, although it's certainly understandable when he's already objected one time to having that video play and was overruled. Why he's going to continue to object at every turn after that is kind of pointless and really shouldn't necessarily be held against this poor defendant. But enough that he has a counsel who's ineffective. Now we're not going to let him raise arguments that actually deprived him of a fair trial because he had bad lawyers. That's not good enough. We argued in the opening brief and again in the reply brief. But then another way to get to this is an effective assistance of counsel. And if the man being deprived of a fair trial because his counsel didn't object to repetitive, unnecessary testimony is not a good enough reason to find counsel ineffective, then I don't know what is. So he would ask that you would reverse his conviction and send him back for a new trial on that point or on the other issue with the Supreme Court that we're waiting on tonight. Any other questions? I don't believe so. Thank you, counsel. Thank you. We appreciate the briefs and arguments of counsel. We'll take the case under advisement. Court is adjourned.